UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**SILTON R FUSELIER JR**  :  **CASE NO.  2:20-CV-01250**

**VERSUS**  :  **JUDGE JAMES D. CAIN, JR.**

**PROGRESSIVE COUNTY MUTUAL INSURANCE CO**  :  **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment filed by defendant Progressive County Mutual Insurance Co. ("Progressive") [Doc. 10]. Defendant asserts that they are entitled to a judgment as a matter of law dismissing plaintiff Stilton R. Fuselier's claims that Progressive's policy provides $1 million of underinsured motorist coverage. Defendant also asks this court to find that Texas law applies to the Progressive policy number 00190556-0, the policy at issue in this case. Plaintiff, Stilton R. Fuselier, opposes the Motion for Summary Judgment [Doc. 14].

## FACTUAL STATEMENT

This suit arises from a motor vehicle accident that took place on October 8, 2019. In his petition for damages, Mr. Fuselier states he was traveling eastbound on Interstate 10 near Vinton, Louisiana when an unidentified driver swerved in front of him.[1] Mr. Fuselier took evasive action to avoid colliding with the unidentified driver and came to rest in a ditch located on the south of Interstate 10 without having come into contact with any other

---

[1] Doc. 1-4. State Court Petition.

- 1 -

motor vehicle.[2] As a result of the accident, Mr. Fuselier claims to have suffered serious injuries requiring extensive treatment and claims to have incurred over $1 million in medical expenses.[3]

Prior to the accident, Mr. Fuselier obtained a Progressive policy to insure the Ford F-450 that is at issue in this case.[4] On December 26, 2018, the Application for Insurance ("the Application") was submitted to Progressive and Mr. Fuselier's address was listed as 8110 Sage Road, Orange, Texas 77632.[5] The Application requested underinsured motorist coverage in the amount of $30,000 per person and $60,000 per accident.[6] Additionally, the Application listed the garaging location of the insured vehicle as 77632 Orange, Texas.[7] Pursuant to the Application, Progressive delivered policy number 00190556-0 to Mr. Fuselier.[8]

Mr. Fuselier asserts that he has always been a Louisiana resident and that the insured vehicle has always been licensed, registered, and titled in Louisiana.[9] Mr. Fuselier further explains that he was operating his vehicle in Texas for business until April 2019, at which time he operated the vehicle almost exclusively in Louisiana.[10] On April 6, 2019, Mr. Fuselier changed his mailing address from the Texas address to 3200 West Wood Road,

---

[2] Doc. 14-1.
[3] Doc. 1-4. State Court Petition.
[4] Doc. 14- 1.
[5] Doc. 10-2.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] Doc. 14-1.
[10] *Id.*

Lot 57, Westlake, Louisiana 70669.[11] Progressive sent notices and premium invoices to Mr. Fuselier's Louisiana address prior to the accident.[12]

Progressive asserts that at no time did Mr. Fuselier notify Progressive of any change in circumstances, other than the change in mailing address.[13] However, Mr. Fuselier argues that on May 13, 2019, he received a renewal notice from Progressive that acknowledges the vehicle at issue was now garaged in Westlake, Louisiana.[14]

Defendants now move for summary judgment to dismiss the claims that Mr. Fuselier is entitled to coverage in the amount of $1 million and ask this Court to find that Texas law applies to this policy.

## **SUMMARY JUDGMENT STANDARD**

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial."

---

[11] Doc. 10-2.
[12] Doc. 14-1.
[13] Doc. 10-1.
[14] Doc. 14-5.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW & APPLICATION

### A. Choice of Law

Here, a substantive conflict exists between relevant Louisiana and Texas laws. The two conflicts most relevant to this motion are the form requirements to waive underinsured motorist limits and coverage when an unidentified vehicle causes an accident.

In Louisiana, if underinsured motorist limits are selected that are lower than the liability limits, a valid waiver selection form must be executed. *Duncan v. U.S.A.A. Ins. Co.*, 950 So.2d 554, 551 (La. 2006). In contrast, Texas does not require the underinsured

motorist limits to match the liability limits for bodily injury. TX Ins. Code Ann. Art. 1952.105.

Additionally, Louisiana does not require physical contact to recover under an underinsured motorist policy if the insured can prove "by an independent and disinterested witness, that the injury was the result of the action of the driver of another vehicle whose identity is unknown. La. R. S. 22:1406(D)(1)(f). However, in Texas, there is no underinsured motorist coverage if an unidentified vehicle runs an insured off the road, but does not actually hit the insured's vehicle. *Goen v. Trinity Universal Ins. Co. of Kansas*, 715 S.W. 2nd 124, 125 (Tex. App. 1986). The Court must resolve this conflict by determining which state's law applies to the underinsured motorist coverage under the insurance policy.

For contractual claims, Louisiana courts look to the following factors in a choice of law analysis:

> (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

La. Civ. Code art. 3537. Article 3515 further provides that the issue should be governed by the state whose policies would be most impaired if its law were not applied, and that this state should be determined based on (1) the relationship of each state to the parties and the dispute and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of the parties and of minimizing the

adverse consequences that might follow from subjecting a party to the law of more than one state. La. Civ. Code art. 3515. Finally, Louisiana's choice of law rules emphasize that the choice is issue-specific and that the analysis must be conducted with an eye to the policies impacted by the specific issue. *Id.* at cmt. d.

Typically, where the insurance policy was issued in another state, the same rules generally dictate that the law of the state where the insurance policy was issued should govern. *Woodfield v. Bowman*, 193 F.3d 354, 360 (5th Cir. 2003); *see Solstice Oil & Gas I, LLC v. Seneca Ins. Co.*, 655 F. App'x 221, 223–24 (5th Cir. 2016) (collecting cases). However, the insured is generally entitled to the application of the more beneficial of conflicting rules. *In re Combustion, Inc.*, 960 F.Supp. 1056, 1063 (W.D. La. 1997).

Mr. Fuselier argues that because Progressive either knew or should have known that the insured vehicle was garaged in Louisiana, Louisiana law should apply. Mr. Fuselier specifically points to the renewal notice from Progressive that is dated May 13, 2019 which acknowledges that the vehicle at issue is garaged in Louisiana.

Progressive points to *Champagne v. Ward*, 893 So,2d 773, 775 (La. 2005), in which the Louisiana Supreme Court held that Louisiana law does not always apply to underinsured motorist claims under a policy issued in another state, even though a Louisiana resident is involved in the accident and the accident occurs in Louisiana. Mr. Fuselier addresses this in his opposition and argues that this case is distinguishable because *Champagne* involved an underinsured motorist policy issued for a vehicle registered and garaged in Mississippi. Mr. Fuselier asserts that in the instant case, his vehicle was always registered and titled in Louisiana. Additionally, Mr. Fuselier argues that he gave

Progressive notice that he was changing his address to a Louisiana address and this is reflected in the Policy Renewal Notice. Doc. 14-5.

On the issue of choice of law, the Court cannot find justification for applying Texas law simply because the policy was initially issued in Texas when the vehicle was titled and registered in Louisiana, and Progressive acknowledged that the vehicle was being garaged in Louisiana. Additionally, as stated above, the insured is generally entitled to the application of the more beneficial of conflicting rules. Here, the policy was issued as a Texas commercial automobile policy based on the garage location, but Progressive later recognized that the vehicle garage location had changed, and the vehicle was being garaged and used in Louisiana as is reflected in the renewal policy notice.

Accordingly, this Court will not dismiss Mr. Fuselier's claims for $1million in underinsured motorist coverage. Additionally, this Court finds that Louisiana law will govern the insurance policy.

## **CONCLUSION**

For the reasons stated above, the Motion for Summary Judgment [Doc. 10] filed by Progressive County Mutual Insurance Company will be **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 29th day of November, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**